UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| KENNETH COOK, JR., | Case No. 22-CV-2734 (PAM/JFD) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| STERNS COUNTY, | |
| Defendant. | |

Plaintiff Kenneth Cook, Jr., a prisoner, filed the above-captioned civil rights matter pursuant to 42 U.S.C § 1983. (Dkt. No. 1.) Mr. Cook did not pay the filing fee; instead, he filed an application to proceed *in forma pauperis* (IFP). (Dkt. No. 3.) Mr. Cook's Complaint and IFP application are now before the Court for review pursuant to 28 U.S.C. § 1915A(a). Upon that review and for the reasons outlined below, this Court recommends that the Complaint be dismissed without prejudice for failure to state a claim as a matter of law and that the IFP application be denied.

## BACKGROUND

According to Mr. Cook, he was in custody at the Sterns[1] [sic] County jail from July 27, 2021, through April 28, 2022. Mr. Cook claims that for several days while he was in custody, he was left in a room with no bed, no covers, no running water, and had to sleep

---

[1] A review of the publicly accessible state court record system shows that Mr. Cook is currently serving a prison sentence on state criminal charges out of Stearns County, Minnesota. For the purposes of this order, this Court assumes that Mr. Cook is referring to the Stearns County, Minnesota, jail.

1

in his own blood for more than 18 hours. (*See* Compl.) Mr. Cook requests $2.5 million in money damages. (*Id.*)

Mr. Cook previously filed a similar § 1983 action, generally alleging that when he was in custody at the Stearns County jail on July 29, 2021, officers assaulted him, placed him in handcuffs, and put him in a booking cell with no sink, no toilet, no mattress, and no bedding for more than 18 hours. *Cook v. Sterns County Jail*, No. 22-CV-1389 (NEB/DTS) (D. Minn.) (Compl., Dkt. No. 1). Mr. Cook also alleged that he was placed in a different cell without a mattress and made to sleep on the concrete floor in a pool of his own blood. (*Id.*) Although Mr. Cook did not submit a certified copy of his prison trust account statement, the court provisionally calculated Mr. Cook's initial filing fee in that case as $45.05 based on the information Mr. Cook did provide and consistent with the requirements of 28 U.S.C. § 1915(b). *Cook*, No. 22-CV-1389 (NEB/DJF) (Order, Dkt. No. 4).

During the pendency of that case, the court also warned Mr. Cook twice about legal and factual deficiencies in the complaint that could lead to its dismissal on review pursuant to 28 U.S.C. § 1915A(b)(1). *Cook*, No. 22-CV-1389 (NEB/DJF) (Orders, Dkt. Nos. 4 & 8). Specifically, the court warned Mr. Cook that the Stearns County jail is not an entity amenable to suit under § 1983. (*Id.*); *see De La Garza v. Kandiyohi County Jail*, 18 F. App'x 436 (8th Cir. 2001) (per curiam). The court cautioned him that "to prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017) (citing *Dahl v. Weber*, 580 F.3d 730, 733 (8th Cir. 2009)); *see Cook*, No. 22-CV-1389 (NEB/DJF)

2

(Order, Dkt. No. 4). Despite these warnings, Mr. Cook did not file an amended complaint addressing these deficiencies, and the court ultimately recommended that the matter be dismissed for failure to state a claim. *Cook*, No. 22-CV-1389 (NEB/DJF) (R. & R., Dkt. No. 15).

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915A the Court must dismiss a prisoner's complaint, or any portion of the complaint, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014). The factual allegations need not be detailed, but they must be sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, the complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although pro se complaints, such as this one, are entitled to a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), they must nevertheless contain specific facts in support of the claims it advances. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

**DISCUSSION**

As a preliminary matter, the Court must first consider Mr. Cook's IFP application. (Dkt. No. 3). As in his previous case, Mr. Cook did not submit a certified copy of his prison trust account statement, claiming here that prison officials would not sign it. (IFP Appl. at 3.) Instead, Mr. Cook submitted a signed IFP application showing that he has no income and no assets. (*Id.* at 1-5.) Given this information, and in the interests of keeping this case moving forward, this Court will not require Mr. Cook to pay an initial partial filing fee at the outset of the case. To be clear, Mr. Cook is not excused from paying the full filing fee of $350. Consistent with 28 U.S.C.§ 1915(b)(2), Mr. Cook is required to pay the full filing fee in installments through regular deductions from his prisoner's trust account.

Turning now to a review of Mr. Cook's complaint pursuant to 28 U.S.C. § 1915A(a), this Court recommends that the Complaint be dismissed for failure to state a claim as a matter of law. 28 U.S.C. § 1915A(b)(1).

Here, Mr. Cook names the Stearns County Jail as the sole defendant in this action. Although 42 U.S.C. § 1983 authorizes a plaintiff to sue a "person" for a violation of the plaintiff's constitutional rights, a jail is not considered a "person." *See Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (per curiam); *De La Garza,* 18 F. App'x 436. Section 1983 claims against jails, therefore, cannot go forward. Because Mr. Cook identifies no other defendants to this action, his Complaint fails as a matter of law for this reason alone.

Further detrimental to his Complaint, however, is that Mr. Cook fails to specifically identify who exactly did what in violation of his constitutional rights. "Liability under

4

section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006); *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999). Indeed, in this case, Mr. Cook fails to identify any specific person—named or unnamed—as being involved in the purported deprivation of his constitutional rights. Considering these deficiencies, this Court recommends that this action be dismissed for failure to state a claim as a matter of law. 28 U.S.C. § 1915A(b)(1).

One final note of caution for Mr. Cook: Because the recommendation is dismissal without prejudice, Mr. Cook is free to bring his claims again. Should Mr. Cook elect to do so, however, he is encouraged to address these factual and legal deficiencies before financially committing to this action for the third time.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff Kenneth Cook, Jr.'s Complaint (Dkt. No. 1) be **DISMISSED WITHOUT PREJUDICE**.

2. The application to proceed *in forma pauperis* of Plaintiff Kenneth Cook, Jr., (Dkt. No. 3) be **DENIED**.

Dated: November 30, 2022        _s/ John F. Docherty_____
                                JOHN F. DOCHERTY
                                United States Magistrate Judge

## NOTICE

**Filing Objections:** The Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of

Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed find and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).